IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL DISTRICT
IN AND FOR THE COUNTY OF LEE, STATE OF FLORIDA
CIVIL DIVISION
(FORT MYERS BEACH)

JAMES BURGAUER,

    Plaintiff

-VS-                      CASE NO.:

ACCOUNTS RECEIVABLE
MANAGEMENT, INC.,

    Defendant
_____/

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §§559.55-559.785 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and invasions of Plaintiffs' person and financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff

## JURISDICTION AND VENUE

2. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees and cost.

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by Florida Statute.

4. The alleged violations described in the Complaint occurred in Lee County, Florida.

## FACTUAL ALLEGATIONS

1

5. Plaintiff is a natural person, and citizen of the State of Florida, residing in Lee County, Florida.

6. Plaintiff is a "consumer" as defined in Florida Statute §559.55(2) and 15 U.S.C. §1692(a)(3).

7. Plaintiff is an "alleged debtor."

8. Defendant is a corporation and a citizen of the State of Texas, with its principal place of business at 4101 Mcewen Road 150, Farmers Branch, Texas, 75244.

9. Defendant is a "debt collector" as defined by Florida Statute §559.55(6) and 15 U.S.C §1692(a)(6).

10. Defendant attempted to collect a debt from Plaintiff that arose from a transaction incurred for personal, family or household purposes and therefore is a "consumer debt."

11. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1) and 15 U.S.C. §1692(a)(4).

12. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

13. Each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

14. Each call the Defendant made to the Plaintiff's cellular phone was done so without the "express permission" of the Plaintiff.

15. In or about December 2011, Plaintiff received a telephone call to his cellular phone, number (309)275-5817, from the Defendant. The Plaintiff promptly returned the phone call and

2

informed the Defendant he was not the party they were looking for and requested the Defendant to stop calling and to be placed on their "Do Not Call" list.

16. The Defendant willfully and knowingly continued to call the Plaintiff on his cellular phone knowing they did not have permission to do so.

17. The Plaintiff withdrew any "express consent" the Defendant's had or believed to have had, upon his first contact with the Defendant.

18. The Defendant left prerecorded or artificial voice messages on Plaintiff's cellular phone.

19. The Plaintiff had approximately three (3) similar phone calls where the plaintiff would explain to the Defendant they had the wrong number and to please stop calling. The Defendant, each time acknowledged the call to the Plaintiff, apologized and responded that they would look into the matter. In spite of these conversations, the calls to the Plaintiff continued almost daily.

20. On at least three (3) additional occasions, the Plaintiff attempted to return the Defendant's calls to explain that they had the wrong number, but instead received a voice recording that indicated that no one was available to take his call.

21. On or about December 2011, Defendant left the following prerecorded and/or artificial voice message on the Plaintiff's voicemail on his cellular phone:

*"Hello, this message is for, Jose Villalagos. It is personal and confidential and not to be played in the presence of third parties. If you are not Jose Villalagos and/or there are third parties present who are not authorized to hear this call, please disconnect this message now. There will be a three second pause. By continuing to listen to this message you acknowledge you are the person requested and no unauthorized persons are present to hear this call. This is Mary Jones from Accounts Receivable Management; please call us at 866-932-6750. This is an attempt to collect a debt and any information obtained will be used for that purpose. Thank You."*

22. Defendant left approximately twenty (20) similar or identical messages on numerous other occasions from December 2011 through April 2012. Please See Attached **Exhibit A**.

23. Defendant made approximately one hundred and fifty (150) phone calls to the Plaintiff in violation of the TCPA from December 2011 through April 2012.

24. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

25. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendants that they are the wrong party.

26. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

27. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

28. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

29. Plaintiff's damages have continued and are continuing as of the filing of this complaint.

## COUNT I
### (Violations of the TCPA)

30. Plaintiff incorporates Paragraphs one (1) through twenty-nine (29).

31. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C §227(b)(1)(A)(iii).

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violations of the FCCPA)

32. Plaintiff incorporates Paragraphs one (1) through twenty-nine (29).

33. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

34. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

35. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

36. Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

37. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for punitive damages, statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

### COUNT III
### (Violations of the FDCPA)

38. Plaintiff incorporates Paragraphs one (1) through twenty-nine (29).

39. At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. §1692 et seq.

5

40. Defendant has violated 15 U.S.C. §1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

41. Defendant has violated 15 U.S.C. §1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

42. Defendant has violated 15 U.S.C. §1692(e)(2)(a) by attempting to collect on a debt from the plaintiff which he does not owe.

43. Defendant has violated 15 U.S.C. §1692(f) by using unfair an unconscionable means to collect or attempt to collect any debt.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for punitive damages, statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT IV
### (Invasion of Privacy)

44. Plaintiff incorporates Paragraphs one (1) through twenty-nine (29).

45. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the FDCPA, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to *invasions of individual privacy.*
> 15 U.S.C. § 1692(a) (emphasis added)

46. Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff by

6

repeatedly and unlawfully attempting to collect a debt and thereby invaded the Plaintiff's privacy.

46. Defendant and its agents intentionally and/or negligently caused emotional harm to the Plaintiff by engaging in offensive conduct in the course of collecting this debt, thereby invading and intruding upon the Plaintiff's right to privacy.

47. Plaintiff had a reasonably expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs.

48. The conduct of the Defendant and its agents in engaging in the above-described illegal collection conduct against the plaintiff, resulted in multiple intrusions and invasions of privacy by the Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

49. As a result of such intrusions and invasions of privacy, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendant.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues to triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the Court may deem just and proper.

Respectfully submitted,

William Peerce Howard, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Florida Bar #: 0103330
Attorney for Plaintiff

7

| | Day | Date | Time | Number Called | Call To |
|---|---|---|---|---|---|
| 1 | FRI | 12/16/2011 | 4:45PM | 866-932-6750 | INCOMING CL |
| 2 | MON | 12/19/2011 | 11:37AM | 866-932-6750 | INCOMING CL |
| 3 | TUE | 12/20/2011 | 5:03PM | 866-932-6750 | INCOMING CL |
| 4 | THU | 12/22/2011 | 7:13PM | 866-932-6750 | INCOMING CL |
| 5 | SAT | 12/24/2011 | 11:37AM | 866-932-6750 | INCOMING CL |
| 6 | | | | | |
| 7 | TUE | 12/27/2011 | 2:31PM | 866-932-6750 | INCOMING CL |
| 8 | FRI | 12/30/2011 | 11:31AM | 866-932-6750 | INCOMING CL |
| 9 | TUE | 01/03/2012 | 12:25PM | 866-932-6750 | INCOMING CL |
| 10 | FRI | 01/13/2012 | 11:47AM | 866-932-6750 | INCOMING CL |
| 11 | MON | 01/16/2012 | 11:28AM | 866-932-6750 | INCOMING CL |
| 12 | TUE | 01/17/2012 | 1:17PM | 866-932-6750 | INCOMING CL |
| 13 | | | | | |
| 14 | WED | 01/18/2012 | 11:13AM | 866-932-6750 | INCOMING CL |
| 15 | THU | 01/19/2012 | 12:21PM | 866-932-6750 | INCOMING CL |
| 16 | | | | | |
| 17 | | | | | |
| 18 | TUE | 02/14/2012 | 3:22PM | 866-932-6750 | INCOMING CL |
| 19 | | | | | |
| 20 | WED | 02/22/2012 | 11:14AM | 866-932-6750 | INCOMING CL |
| 21 | MON | 02/27/2012 | 11:22AM | 866-932-6750 | INCOMING CL |
| 22 | TUE | 02/28/2012 | 11:16AM | 866-932-6750 | INCOMING CL |
| 23 | WED | 02/29/2012 | 12:08PM | 866-932-6750 | INCOMING CL |
| 24 | MON | 03/05/2012 | 11:17AM | 866-932-6750 | INCOMING CL |
| 25 | FRI | 03/09/2012 | 10:47AM | 866-932-6750 | INCOMING CL |



EXHIBIT A